UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT A. WALCHLE, JR., <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO. 3:19-CV-19-DRL-MGG |

OPINION & ORDER

Robert A. Walchle, Jr., a prisoner without a lawyer, filed a habeas corpus petition challenging his 2016 battery conviction in Allen County. For the following reasons, the court denies the petition.

BACKGROUND

The court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). Mr. Walchle has the burden to rebut this presumption with clear and convincing evidence. *Id.* On December 7, 2015, Mr. Walchle battered his wife, Christine Walchle, causing her bodily injury. *Walchle v. State*, 86 N.E.3d 228 (Table), 2017 WL 1882540, 1 (Ind. Ct. App. 2017). He had twice before been convicted of battering his wife. *Id.* In April 2016, the state charged Mr. Walchle with Level 5 felony battery and Level 6 felony domestic battery. *Id.* He subsequently pleaded guilty as charged, and was sentenced to a five-year term of incarceration. *Id.*

On direct appeal, he argued "that his five-year sentence [was] illegal because his actions did not amount to a Level 5 felony at the time they were committed." *Id.* The Indiana Court of Appeals understood this argument to be "more appropriately framed as a challenge to his conviction for Level 5 felony battery." *Id.* Because he had knowingly and voluntarily pleaded guilty to the charge, under state law he was barred from challenging his conviction on direct appeal. *Id.* (citing *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004)). The court further held that his five-year sentence was within the

statutory range for a level 5 felony. *Id.* at 1-2. The court affirmed his conviction and sentence in all respects. *Id.* at 2. He sought transfer to the Indiana Supreme Court, but his petition was denied.

He then filed this federal petition (ECF 3). He raises one claim: that the "trial court abused its statutory authority and pronounced an illegal sentence of battery instead of domestic."

## DISCUSSION

Mr. Walchle's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can grant an application for habeas relief if it meets the stringent requirements of 28 U.S.C. § 2254(d), set forth as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

This standard is "difficult to meet" and "highly deferential." *Hoglund v. Neal*, 959 F.3d 819, 832 (7th Cir. 2020) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). "It is not enough for a petitioner to show the state court's application of federal law was incorrect; rather, he must show the application was unreasonable, which is a 'substantially higher threshold.'" *Hoglund*, 959 F.3d at 832 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "A petitioner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement."

*Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). A state court's decision can be a reasonable application of Supreme Court precedent even if this court would reach a different conclusion. *Id.*

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Hoglund*, 959 F.3d at 832. The exhaustion requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claim in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845. This includes seeking discretionary review in the state court of last resort. *Boerckel*, 526 U.S. at 848. The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a claim when (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground, or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Davila*, 137 S. Ct. at 2064; *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

The respondent argues that Mr. Walchle's claim is procedurally defaulted because the state court denied it on an adequate and independent state procedural ground. The court agrees. The Indiana Court of Appeals declined to consider the merits of Mr. Walchle's claim regarding the "illegality" of his conviction because, under state law, defendants cannot plead guilty and then challenge their conviction on direct appeal.[1] *See Collins*, 817 N.E.2d at 231 ("A person who pleads guilty is not permitted to challenge the propriety of that conviction on direct appeal."). This rule is

---

[1] Rather, under state law, the appropriate vehicle for raising such a claim is a post-conviction petition. *Reynolds*, 2020 WL 3394745, at *2. Here, Mr. Walchle did not pursue state post-conviction relief. He indicates in his petition that he filed a state post-conviction petition in 2017, but then voluntarily withdrew it before it was resolved in the trial court (*see* ECF 3 at 2).

3

well settled and regularly applied by Indiana courts. *See id.*; *Tumulty v. State*, 666 N.E.2d 394 (Ind. 1996) ("One consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal"); *Reynolds v. State*, No. 19A-CR-2882, 2020 WL 3394745, 2 (Ind. Ct. App. June 19, 2020) (applying this rule to hold that the defendant forfeited any challenge to his conviction on direct appeal by pleading guilty). Mr. Walchle argues that his claim should not be considered procedurally defaulted "because state law is unfair" (ECF 11 at 4), but this is not the type of reason that would excuse a procedural default under federal law. *See Davila*, 137 S. Ct. at 2064; *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Thus, the court is precluded from reaching this claim on the merits.

Assuming that the claim is not procedurally defaulted, it would not entitle Mr. Walchle to federal habeas relief in any event. Mr. Walchle's claim is that under state law, he should have been sentenced for domestic battery rather than simple battery (*see* ECF 3 at 7, "Once a crime satisfies the elements of the Domestic Battery statute . . . it cannot fall under the simple battery statute."). This claim is premised on an alleged error of state law, and errors of state law are not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). He consequently could not obtain federal habeas relief based on this claim. The petition must be denied.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). Mr. Walchle's claim is procedurally defaulted and not cognizable in this federal habeas corpus proceeding. The court finds no basis to conclude that reasonable jurists would debate the outcome of the petition or find a reason to

encourage Mr. Walchle to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

## CONCLUSION

Accordingly, the court DENIES the petition (ECF 3) and a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED.

August 10, 2020                                     *s/ Damon R. Leichty*
                                                                        Judge, United States District Court